Good morning. Good morning, Your Honors. My name is Conrad Lysak, and I represent the Traditioner Zumanii Holdings, Inc. And I'd like to reserve three minutes for rebuttal. All right. I'll try to remind you, but keep track of your time. This appeal is taken from an order of the Securities and Exchange Commission suspending trading of the common stock of Zumanii pursuant to Section 12K1 of the Exchange Act. 12K1 provides that the SEC can obtain a temporary order suspending trading for a period not exceeding 10 days. In conjunction with that, I wanted to start with the 10-day suspension because the constitutional issue ties to that. I apologize. Well, why isn't this case moved? Well, there's still consequences. If the court does what we would like the court to do, the trading should reinitiate and start. Your brief suggests that trading is now ongoing. I didn't say that, unfortunately. My client did. Okay, well, somebody said it. Yeah, he did, and that's just incorrect. It's not. This stock is an over-the-counter stock. It trades on the OTC website, on OTC markets, and what they do is when certain events occur, they put up symbols. But the effect of the suspension, the 10-day suspension is terminated, correct? It's supposed to be, but it's not. Well, it has terminated. The 10-day suspension is terminated by its own terms. What you're concerned about is that in light of the suspension, different procedures apply to the trading of your client's stock and would have applied in the absence of the suspension, right? Somebody can make a market in your client's stock, can they not, as long as they do research? Well, no, they can't today. Theoretically, a broker could if he took the steps. Right, if he did the research that the law requires. So a broker could trade your client's stock today, correct? He could. Okay. Tell me why there's an express provision in the SEC rules, and I'm referring now to 17 CFR 2201.550, that says any person adversely affected by a suspension pursuant to 12K1 who desires to show that it's not appropriate may file a petition with the secretary to terminate the suspension, and then B says the commission may schedule a hearing on the matter. Now, you did none of that, correct? He didn't. Aside from sending an email to an SEC attorney that said, we don't agree with your decision or something to that effect, and the SEC attorney said you're sending it to the wrong person. Other than that, whatever it says, what did you do to avail yourself of these procedural safeguards in the regulations? That's the only thing we did. That's the only thing you did? But, Your Honor. You could have petitioned the secretary and requested a hearing, correct? We could have, but we don't have to. Okay, but because you didn't, how can you complain about the absence of a hearing? In other words, a hearing was available to you. You didn't request it. Well, that's not what 550 says, though. It says that you have to file a verified petition, and they have to review the petition, and the SEC may… Right, if they'd reviewed it and denied you a hearing, I'd understand your complaint about why you didn't get a hearing. But you never requested a hearing. There's a procedure for requesting a hearing in the agency. You never requested it. So how can you complain today that the agency denied you a hearing? We can complain because the case cited by the SEC, SEC v. Sloan back in 1978, Justice Rehnquist made it clear that the SEC could not impose any kind of conditions on the termination of the suspension after the 10 days. He said in that case that this 10-day suspension was an emergency situation. No, I understand what Sloan says, but I'm asking a different question. As I understand your briefing, and I'm not sure I understand it correctly, so you can correct me if I'm wrong, you have two complaints. One is that they imposed a more than 10-day suspension. The second complaint is that in imposing the suspension, they didn't give you a hearing. And I'm focusing on that second complaint, and it seems to me it's hard to complain about not getting a hearing when the rules provide for one, at least the possibility of one, and you never requested it. So I want to make sure I understand. You never did request a hearing, did you? I did never request a hearing. Now, let's go back to your first point. Tell me why an order that on its face only applies for 10 days is permanent. Because that's what the statute says. Tell me what the statute says that makes it permanent. The statute says they can impose a temporary suspension. They imposed a temporary suspension. It may not exceed 10 days. It may not exceed 10 days. And on its face, it says it's 10 days, right? Right, and that implies that when the suspension's over, things refer to the status quo. Tell me why, as a matter of law, that's a— I understand your mootness argument, that 10-day suspension has continuing effects on you. But tell me why, as a matter of law, you are suspended after those 10 days. Trading in your stock is suspended after those 10 days. Because market—well, in order to get the stock back up and trading again, you have to— somebody else has to jump through a series of hoops to get the stock up and trading. And they're the same—well, it's FINRA and—well, FINRA and they have to— all of the rules are approved by the SEC. So, in effect, the SEC has put an impediment in the way of getting the stock back up and trading again. They're saying, okay, the suspension is over at the end of 10 days, but your stock doesn't get to trade. Your stock is not like an exchange-listed stock. It gets to trade automatically at the end of the 10 days. But you, small company, have to jump through these additional hoops. And, of course, that relates back to the Sloan case, where Rehnquist said, you can't put implements in the way of the stock starting to trade again. And, in effect, that's what the SEC did here. In the Sloan case, they tried to issue consecutive orders. Right. Sloan is different. Sloan, they issued consecutive 10-day suspensions, and the court said, wait a minute, this is an emergency suspension. If you're going to do consecutive ones, you ought to have a hearing. Right. 505 is the same thing. Instead of consecutive orders, now we're going to come up with this rule that says, instead of the stock automatically trading again, now you have to petition us with a verified petition within 10 days or during the suspension period. And then we'll take a look at the petition. And after we look at the petition, we'll decide if we're going to give you a hearing or not. And they frequently denied a hearing. One of the other cases they cited, I want to say it's Greenfield or Greenbaum, the commission decided. Well, if they denied you a hearing, you could come and complain about that being unconstitutional. You'd be exhausted. Yeah. You would have asked for one. You haven't asked for one, so it's hard to complain about not being given one. They don't hand them – they don't sort of walk around and say, who'd like a hearing? They wait for people to ask for a hearing, don't they? Right, but it's our position we didn't have to. This is – if you read the history of the statute, it's pretty clever, because what the SEC has virtually done is they – where the burden was always on the commission to do certain things, they've enacted a series of rules, and now the burden shifts over to us to take certain steps to try to get the stock up at trading. You might want to reserve so you have some rebuttal time because you're at a minute and a half. You want to reserve? Yeah. Okay. Thank you. Good morning. Good morning, Your Honors. Jacob Lotion for the Securities and Exchange Commission. Maybe you can just go right into what seems to be the exhaustion issues. You seem to argue that CIMANI failed to exhaust its administrative remedies in bringing its due process challenge for Thayer to provide a hearing prior to issuing the suspension order, but I'm just wondering what process is actually available to CIMANI to make a pre-deprivation argument. A Rule 550 petition is only to challenge orders once they've been issued, correct? That's correct. There is no process before the trading suspension is imposed, and this was Congress's design. In Section 12K1A, it says – So let's assume there is none. You agree there is none. So let's assume their argument – and I may be making the argument for CIMANI – their argument is that we're entitled to a pre-deprivation hearing. Do they have to exhaust that argument before the agency since Congress has not provided for one? They do have to exhaust that before the agency because of Section 25C, which requires that every issue raised upon review in the Court of Appeals be first raised before the commission. Here's an agency that has, by your own definition, no statutory power. In fact, Congress has designed the system to deny a pre-deprivation hearing. What possible use is there for CIMANI to come to the agency and say, we'd like a pre-deprivation hearing? The agency is going to say exactly what you just said. There is no provision in the law for pre-deprivation. Whether they're entitled to one is a separate issue. Why does that have to be exhausted? Certainly, there's still value to going to the commission first. In the Matthews balancing test, the factors to be considered include the public interest, the commission's interest, the issuer's interest. But that goes to the merits. I understand your argument that the availability of a prompt post-deprivation hearing satisfies due process. That's the Matthews balancing. You may win on that argument. The question is whether they had to exhaust that argument before the agency that has no statutory ability to give them a pre-deprivation hearing. Well, the agency certainly has a statutory ability to use this process or not. It has discretion whether to impose the trading suspension in the first place. That's not what I'm asking. Focus on my question. You said, and unless I'm misrepresenting what you said, you said there's no provision for a pre-deprivation hearing. Correct? In 12K1A, that's correct. Or anywhere in the statutes. That's correct. It says it's a summary prompt. In fact, the reg provides for a hearing. Post-deprivation. Post-deprivation. So what you're saying, before you can come to court and argue about the absence of a pre-deprivation hearing, you've got to come to the agency and exhaust that argument about a pre-deprivation hearing. And the agency could not give you that relief, could it? Well, the agency could still give relief in the sense that it could determine, two things, Your Honor. First, it could determine that it was incorrect in imposing the suspension, and it could give relief in that way. But another thing it might do would be to develop the record and to more clearly articulate the interests that are at stake in the matching balance. It could do all those things, but you still wouldn't have a pre-deprivation hearing. Of course, they couldn't create a time machine and go back in time to accord that pre-deprivation hearing, but I would note that the court couldn't do that upon review either. We can say, he's asking us to say that this statutory scheme and regulatory scheme that allow you to suspend temporarily the trading in stock is unconstitutional because he doesn't get a pre-deprivation hearing. That argument may be dead wrong. We could address it on its merits. Your argument is, well, you should have told the agency that first and had us turn you down. And the answer, my question about it is, towards what end? It would have been futile to ask the agency for a pre-deprivation hearing because you don't provide one, do you? No, we don't provide a pre-deprivation hearing, but the record would have been more developed certainly than it is here in a way that may inform this court's review of that constitutional question. But now he has other claims that you might have a different argument about exhaustion. Well, yes, he has other claims, and those certainly would also be – As to the sufficiency of the evidence and those things, I understand those. I'm confused. What's the effect? Is this suspension still in effect? If not, what is its continuing effect? No, this is – And is this case moved, as Judge Owens asked? The suspension is not still in effect. It expired after 10 days by its own terms. There are certain collateral consequences of the suspension, and that's why we don't contend here that this challenge is moot. And the commission itself, in fact, I would point the court to Bravo Enterprises' commission decision where the commission said we will hear these challenges after the suspension expires, even though the 10 days are up. And then to address the question that came up about what exactly those collateral consequences are, it's important to make a distinction between trading and quoting. And Rule 15C.2.11 requires brokers to make a particular determination before they enter quotations for the security. And there's an exception to that rule called the piggyback exception that applies if there's been a continuous series of quotations. So the trading suspension – Trading can continue after the 10 days are up, but it then requires that brokers make the particular determination that the rule requires. And do these collateral consequences, which you say make the case not moot, are the reason that we should be able to review the issuance of the temporary suspension today? Correct? That's correct, yes. But what you're saying is the arguments he's making against it should have been exhausted in the agency and not in front of us. Yes, that's correct. I think this court really has a choice between a process where issuers come straight to this court on perhaps an inadequate record where their own arguments have not been made to the commission and fully fleshed out, and it could hear those cases. But we could also divide your arguments into – or the appellants' arguments into constitutional challenges and non-constitutional challenges. I mean, we have the option to say the non-constitutional challenges require exhaustion, but the constitutional challenge about a pre-deprivation hearing, which you don't have any authority to give, doesn't require exhaustion. And then we could find either that they're entitled to one or they're not entitled to one, right? Well, that is an approach the court could take if it thought that was the best approach. I'd point out on the merits of the constitutional challenge. We don't think there's – Right. Your argument is that the availability of a prompt post? Yes. But I would, again, urge that there is value in having these constitutional challenges, especially when there's other claims being made. But it seems to me – and maybe I'm making Zimani's argument for them – but their argument is, look, the consequences of a suspension of trading are so severe, if you will, because they have these continuing collateral consequences, that no matter what the facts of any particular case, it's the kind of thing in which you ought to get a pre-deprivation hearing. That's purely a matter of law. That might be their argument. I take their primary argument to be that the trading has – the suspension has continued, and that really depends on a lot of factual questions about the effect of Rule 15c211 and the difference between quoting and trading. And those are really the sorts of things that it's best for the Commission to address in the first instance. So can you tell us any instance in which the Commission has granted a pre-deprivation hearing because the facts of the case required it? The Commission hasn't – I'm sorry – hasn't granted a pre-deprivation hearing. Well, you said if we had a better record, we might be able to do this more accurately. And my question is, no matter how good the record is, you're not going to have a pre-deprivation hearing for a temporary suspension, are you? Right. Once the deprivation occurs, of course you can't have a pre-deprivation hearing after that. And you never – What you could have is some more clarity about the – But do you ever have – can you tell us an instance where you've given someone a pre-deprivation hearing? Not under Section 12k because that – Doesn't provide for it. Yeah, there are other ways the Commission may act under, for example, Section 12j to revoke registration. Well, it sounds like Slim and Nunn and Slim left town. You know, that's the – Well – Slim did leave town. You know, we can't turn back time. I really – I mean – but that's the same – I think the same problem this Court would have in fashioning any remedy on the constitutional question. I mean, it could issue an opinion that might have an effect in future cases, certainly. Look, to be clear, I understand your argument that it's 10 days and no pre-deprivation hearing is needed because these are emergency situations and we have to act quickly. That's an argument on the merits. What I'm resisting a little bit is your exhaustion argument, which is that we can't consider that argument on the merits because they didn't make it to an agency that had no authority to give them a pre-deprivation hearing anyway. I understand that. And just one other point I'll make on that, and then I'll give this up. I see my time's almost out. It's possible the Commission could address an argument on the merits and decide that the suspension was erroneous for that reason and then not reach the constitutional claim. So there's a constitutional avoidance rationale as well to having these first proceedings. Okay, I think we understand your argument. Thank you. Just briefly. That's all you have. The concept of this review of the record or expanding the record is somewhat misleading because when the Commission reviews the record, they're limited to what was presented at the time that the order was entered, the trading suspension. So this idea that, well, if you come back and ask us a second time, we'll expand the record, according to the statute, they can't expand the record. Well, whether they can expand the record or not, put aside the constitutional argument, you're coming to us and saying they shouldn't have suspended our trading, correct? That's one of the arguments. That's your basic argument. You're saying they shouldn't have suspended it because there wasn't reason to do it. And the statute requires exhaustion of that argument before you come to us, and you never made that argument to the Commission. So how can we consider it in the first instance? Our argument is that we didn't have to, that we limited to 12. If we read 25A on its face, don't consider 25C because 12K5 said only is provided for under 25A. All of the other provisions fall off and are eliminated. The other provisions are completely useless in your view? Congress just stuck them in there for fun? Well, no, there's other, I mean, that act is a giant act. There's a whole litany of things that could come into play where those provisions become applicable. If you're appealing from an administrative judge, you're appealing from a different fact finder to the SEC for their review. But in our particular case, we're theoretically appealing from the SEC from the SEC's own ruling, and it was a ruling that they made theoretically where they had all of the evidence, presented the evidence to themselves, made a ruling on it, and suspended trading. It seems to me that that order is pretty final. I could come back and say, no, review it. Would we have to do that? Would they even take the time to review their own unilateral statement? I don't know. My position is that you didn't have to go to the Commission first before we came to the Court of Appeals. Well, I think we understand your arguments. Does anyone have any additional questions? I don't. All right, well, then this matter will be submitted. Thank you both for your argument.
judges: Callahan, Hurwitz, Owens